IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELDON BUCKHOLZ,                                        CV 04-6331-BR

        Plaintiff,                               OPINION AND ORDER

v.

JO ANNE B. BARNHART,
Commissioner of
Social Security,

        Defendant.


**KATHRYN TASSINARI**
**BRENT WELLS**
Cram, Harder, Wells & Baron, P.C.
474 Willamette, Suite 200
Eugene, OR 97401
(541) 686-1969

    Attorneys for Plaintiff

1 - OPINION AND ORDER

**KARIN J. IMMERGUT**
United States Attorney
**NEIL EVANS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1053


**VIKASH CHHAGAN**
Acting Regional Chief Counsel, Seattle, Region X
**DAVID M. BLUME**
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2212

	Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Eldon Buckholz seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) payments.

The Administrative Law Judge (ALJ) issued a decision on April 30, 2004, in which he found Buckholz was not entitled to benefits.  That decision became the final decision of the Commissioner on July 23, 2004, when the Appeals Council denied Buckholz's request for review.

This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a thorough and careful review of the record, the Court **AFFIRMS** the Commissioner's final decision.

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, a claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if the "evidence is susceptible to more than one rational interpretation." *Andrews*,

3 - OPINION AND ORDER

53 F.3d at 1039-40.

## DISABILITY ANALYSIS

The Commissioner has developed a five-step sequential process for determining whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). *See also* 20 C.F.R. §§ 404.1520, 416.920. There is no dispute regarding the first three steps in this case.

For purposes of Step Four, the Commissioner must determine whether the claimant retains the residual functional capacity (RFC) to perform work he has done in the past. *Yuckert*, 482 U.S. at 141-42. *See also* 20 C.F.R. § 416.920(e). The claimant's RFC is an assessment of the sustained work-related activities the claimant still can do on a regular and continuing basis despite the limitations imposed by his impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). *See also* Social Security Ruling 96-8p.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. *Yuckert*, 482 U.S. at 141-42. *See also* 20 C.F.R. § 416.920(e), (f). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Yuckert*, 482 U.S. at 141-42. *See also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the Commissioner meets this burden, the claimant is

not disabled.  20 C.F.R. § 416.920(f)(1).

## DISCUSSION

Buckholz has chronic back pain due to degenerative disc disease at L5-S1 for which he underwent a spinal fusion in May 2003.  Buckholz also has bipolar disorder, which is substantially controlled by medication.  The ALJ acknowledged Buckholz has severe impairments, but the ALJ denied benefits on the ground that Buckholz's RFC allows him to perform a limited range of light or sedentary work at jobs that exist in a significant number in the national economy, including his past relevant work as a sorter.  The ALJ also found Buckholz's testimony about his impairments was not entirely credible.

**I.  The ALJ Did Not Err When He Rejected Buckholz's Testimony Regarding the Severity of His Limitations.**

The ALJ was required to assess Plaintiff's credibility based on:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. . . . The ALJ must also consider the claimant's work record and the observations of treating and examining physicians and other third parties.

*Smolen*, 80 F.3d at 1284 (citations omitted).  The ALJ must apply

these factors when he sets forth the reasons for discrediting a claimant's testimony.

The ALJ detailed numerous inconsistencies in Buckholz's testimony regarding past illegal drug use, availability of health coverage, history of driving without a license, pain and mental symptoms, and daily activities.  In addition, the ALJ noted Buckholz's testimony regarding his physical limitations was inconsistent with other evidence in the record regarding Buckholz's activities such as his testimony that he resumed bicycling and frequent walking in June 2003 only one month post-fusion and was handling horses in September 2003.

The Court, therefore, finds the ALJ provided clear and convincing reasons supported by substantial evidence in the record for rejecting Buckholz's testimony regarding his physical limitations.

**II.  The ALJ Did Not Err When He Rejected Certain Medical Opinions.**

Buckholz also asserts the ALJ erred by failing to give adequate reasons for rejecting the opinions of Andrew Kokkino, M.D., Plaintiff's surgeon, and David Truhn, Psy.D., an examining psychologist.

The ALJ must give "specific, legitimate reasons" for rejecting a treating physician's opinion if that opinion conflicts with another physician's opinion or with evidence in the record.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.

1989).  See also Lester v. Chater, 81 F.3d 821, 830-32 (9th Cir. 1995).

Contrary to Buckholz's contention, the ALJ provided "specific and legitimate" reasons supported by substantial evidence in the record for rejecting the opinions of Drs. Kokkino and Truhn, including inconsistencies between their conclusions regarding Buckholz's disability and their clinical findings.  See Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001).

Accordingly, the Court concludes the ALJ did not err when he rejected the conclusions of Drs. Kokkino and Truhn regarding Buckholz's ability to work.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 27th day of September, 2005.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge